IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

M.M., a minor, by and through )
her parent and next friend, )
MARTINA MENN, )
)    Case No. 3:25cv00083
      Plaintiff, )
)
v. )
)
DANIEL MARC LOFARO, )
)
      Defendant. )
_____ )

## COMPLAINT

Comes Now Plaintiff Martina Menn (the "Plaintiff"), by and through counsel, as the natural parent and guardian of M.M., a minor child (the "Child"), for the Complaint against Defendant Daniel Marc Lofaro ("the Defendant"), and states as follows:

1. The Plaintiff and Child are residents of the Country of Germany.

2. The Defendant is a resident of Virginia and is currently being held in Federal Correctional Facility Lewisburg with inmate Register Number: 81170-510.

3. This Court has jurisdiction in that this case invokes claims based on federal law.

4. Venue is proper in this Court in that a substantial amount of the conduct described herein occurred in the Eastern District of Virginia.

5. The Child is currently under the age of 21.

6. At all times herein, the Defendant was over the age of 21.

1

7. The Defendant and the Child met via Snapchat beginning in late November 2021, when the Child was a minor child and under the age of consent for sexual interactions.

8. From late November 2021 to 2022, the Defendant engaged in an illegal and inappropriate sexual relationship with the Child, who was and still is a minor child.

9. During this time, the Defendant produced, solicited, demanded, and/or possessed numerous images and/or videos of child pornography (as defined in 18 USC § 2556), which were depictions of the Child in a lascivious display of her genitals, engaging in sexually explicit conduct, and/or were visual depictions of a minor (the Child) engaging in sexually explicit conduct.

10. The Defendant was prosecuted for the child pornography in the United States District Court for the Eastern District of Virginia (*see United States of America v. Daniel Marc Lofaro*, Case Number 1:23-cr-156). Specifically:

   a. On October 5, 2023, the Defendant was indicted for crimes against the Child, including the child pornography offenses;

   b. On December 7, 2023, the Defendant was indicted for crimes against the Child, including the child pornography offenses, in a Superseding Indictment;

   c. On May 1, 2024, the Defendant entered into a Plea Agreement and pled guilty to child pornography offenses in which the Child was the victim; and

   d. On July 24, 2024, the Defendant was sentenced to 25 years in the Federal Bureau of Prisons.

11. In that the Defendant admitted the conduct in a related proceeding and admitted to such conduct under oath, the Defendant is estopped from denying it.

**COUNT I**
**Violation of 18 U.S.C. §§ 2422(b), 2252(a)(2) and (b)(1), & 2252(a)(4)(B) and (b)(2)**
**brought pursuant to 18 U.S.C. § 2255**

12.   Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

13.   Plaintiff brings a claim under 18 U.S.C. § 2255 against the Defendant due to the Defendant's violation of 18 U.S.C. § 2422 and/or 18 U.S.C. § 2252, more specifically, 18 U.S.C. §§ 2422(b), 2252(a)(2) and (b)(1), & 2252(a)(4)(B) and (b)(2).

14.   18 U.S.C. § 2422 and/or 18 U.S.C. § 2252 were enacted to prevent and criminalize the sexual exploitation of minors.

15.   18 U.S.C. § 2422 criminalizes the sexual exploitation of minors through means of coercion and/or enticement and/or the use of interstate commerce.

16.   18 U.S.C. § 2252 criminalizes receiving, distributing, and/or possession of child pornography using facilities and/or means of interstate commerce.

17.   The Defendant solicited, enticed, and/or coerced the Child to send him sexually explicit pictures of herself.

18.   The Defendant utilized a cellular phone, internet, and/or means of interstate commerce in order to effectuate the conduct.

19.   18 U.S.C. § 2255 provides victims of violations of 18 U.S.C. § 2422 and/or 18 U.S.C. § 2252, such as the Child, a civil remedy and right to bring a civil action for personal injury, including damages, reasonable attorneys' fees, costs incurred pursuing this action, and punitive damages.

20.   The Child was the victim of the Defendant's violations of 18 U.S.C. § 2422 and/or 18 U.S.C. § 2252.

21.    As a direct and proximate cause of the Defendant's violations of 18 U.S.C. §§ 2422 & 2252, the Child suffered, and continues to suffer, injuries including, without limitation, emotional distress, psychological trauma, embarrassment, anxiety, post-traumatic stress disorder, and/or mortification.

22.    As a direct and proximate cause of the Defendant's conduct, the Child has suffered damages, and will continue to suffer damages, including emotional distress, humiliation, anxiety, embarrassment, and fear.

23.    Plaintiff is entitled to an award of reasonable attorneys' fees.

24.    The Defendant's conduct warrants an award of punitive damages.

Wherefore, Plaintiff prays this Court enter judgment in favor of Plaintiff and against the Defendant and award Plaintiff an award of monetary damages of no less than $150,000.00 pursuant to 18 U.S.C. § 2255(a), punitive damages pursuant to 18 U.S.C. § 2255(a), attorneys' fees pursuant to 18 U.S.C. § 2255(a), costs incurred pursuing this action, interest as allowed by law, and such other and further relief as this Court deems just and proper.

A TRIAL BY JURY IS DEMANDED.

M.M., a minor, by and through her parent and next friend, MARTINA MENN

By: /s/ Sharif L. Gray
        Counsel

Sharif L. Gray (VSB No. 96221)
Gray B. Broughton (VSB No. 46692)
THE BROUGHTON LAW FIRM, PLLC
9701 Gayton Road, Suite 12
Henrico, Virginia 23238
Direct: (804) 613-3800
Fax: (804) 250-5069
sharif@graybroughton.com
gray@graybroughton.com