IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| M.M., *a minor, by and through her parent and next friend Martina Menn*, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25CV83 (RCY) |
| | ) | |
| DANIEL MARC LOFARO, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Lofaro's Petition for Abatement (ECF No. 6).  Plaintiff filed her Complaint on February 5, 2025 (ECF No. 1).  On March 11, 2025, Defendant was served with the same (ECF No. 4).  On March 25, 2025, Defendant, proceeding *pro se*, filed the instant Petition for Abatement (ECF No. 6).

In the Petition, Defendant asks the Court to abate Plaintiff's Complaint based on the doctrine of *idem sonans*.  Specifically, Defendant argues that, by spelling his name in all capital letters, Plaintiff's Complaint misidentifies Defendant and is therefore void.[1]

After the adoption of the Federal Rules of Civil Procedure, the common law abatement procedure is no longer a recognized method of challenging the propriety of a plaintiff's complaint.  *Abatement*, Legal Information Institute, https://www.law.cornell.edu/wex/abatement.  Moreover, courts have universally rejected the argument that the use of all capital letters in spelling a litigant's name alters its meaning.  *United States v. Denham*, 2008 WL 5663925, at *5 (W.D. Mo. Oct. 9, 2008) (rejecting defendant's argument that because his name was in all capital letters on the

---

[1] Defendant misunderstands the application of *idem sonans*.  In fact, the doctrine stands for the proposition that a legal document is valid "despite the minor misspelling of a name or minor misidentification of a party."  *Idem Sonans*, Merriam-Webster Legal Dictionary.

summons, he was not subject to it); *Adams v. City of Marshall*, 2005 WL 2739029, at \*1 (W.D. Mich. Oct. 24, 2005) (holding that use of all capital letters in the caption of court documents "is a typographical convention without legal significance" (quoting *United States v. Heijnen*, 375 F. Supp. 2d 1229, 1231 (D.N.M. 2005)); *Cavazos v. Citibank, N.A.*, 2005 WL 1366179, \*3 (Tex. App. Jun. 9, 2005) (rejecting appellant's argument as "gobbledygook" that Citibank had no valid judgment against him as a human being since his name was spelled on the pleadings in all capital letters). Finally, even if the use of capital letters did amount to a misspelling of Defendant's name, such an insignificant alteration does not prejudice Defendant. *Brown v. Charlotte Rentals LLC*, 2015 WL 4557368, at \*4 (W.D.N.C. July 28, 2015) (finding that the improper pluralization of a defendant's name did render process insufficient since the complaint "alert[ed] Defendants of the pendency of the action" and provided actual notice of the action's nature).

As such, Defendant's Petition (ECF No. 6) is DENIED as both unfounded and an improper and unrecognized pleading. Defendant is DIRECTED to file a proper responsive pleading, seek any extension as may be needed for the same, or face entry of default.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/ _RCY_

Roderick C. Young
United States District Judge

Date: April 4, 2025
Richmond, Virginia

2