IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| M.M., *a minor, by and through her parent and next friend Martina Menn*,<br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL MARC LOFARO,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25CV83 (RCY) |

## MEMORANDUM OPINION

This action is brought by M.M., a minor child, by and through her parent and next friend, Martina Menn (comprehensively, "Plaintiff"), against Defendant Marc Lofaro ("Defendant"), wherein Plaintiff seeks to recover from Defendant pursuant to 18 U.S.C. § 2255 (the "Child Abuse Victims' Rights Act"), which establishes a civil remedy for victims of child abuse, exploitation and trafficking. The case is before the Court on Defendant's Reply to Memorandum Order, which includes a late-submitted Answer, and Defendant's Consolidated Reply in Opposition to Plaintiff's Motion for Default, which endeavors to assert various Rule 12 defenses. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, it is appropriate to accept Defendant's belated Answer but reject the Rule 12 defenses as futile, and for this matter proceed to an initial pretrial conference.

## I. PROCEDURAL HISTORY

Plaintiff commenced this action on February 5, 2025, alleging Defendant engaged in unlawful conduct pursuant to 18 U.S.C. § 2422 and/or 18 U.S.C. § 2252, in violation of the Child

Abuse Victims' Rights Act.  Compl. ¶¶ 13–22, ECF No. 1.  Defendant, who is incarcerated, was served with the Complaint on May 11, 2025.  ECF No. 4.

On March 25, 2025, Defendant moved to dismiss the Complaint by filing a Petition for Abatement, arguing the Complaint was not properly addressed to him because it spelled his name in all capital letters.  ECF No. 6.  On April 4, 2025, the Court denied Defendant's Petition on the merits and as an improper and unrecognized pleading.  ECF No. 8 at 2.  In that same Order, the Court directed Defendant to "file a proper responsive pleading, seek any extensions as may be needed for the same, or face entry of default."  *Id.*  Defendant's responsive pleading was due on or before April 21, 2025.  Fed. R. Civ. P. 12(a)(4)(A).  Defendant failed to timely submit any responsive pleading.

Consequently, on May 1, 2025, Plaintiff filed her first Motion for Default Judgment ("Motion for Default Judgment I"), ECF No. 9, without first seeking entry of default by the Clerk as required by Federal Rule of Civil Procedure 55(a).  Defendant responded by filing a Motion to Dismiss on June 3, 2025, ECF No. 12,[1] and a Supplemental Motion to Set Aside Default on July 14, 2025, ECF No. 14.  On July 15, 2025, the Court denied Defendant's Motion to Dismiss, reiterating its prior holding in its denial of Defendant's Petition for Abatement.  ECF No. 16.  On that same day, the Court also denied Plaintiff's Motion for Default Judgment I as procedurally deficient, citing Plaintiff's failure to first seek entry of default with the Clerk.  ECF No. 17.

Then, on August 19, 2025, Plaintiff filed a Motion for Clerk's Entry of Default to the Clerk of the Court ("Motion for Default Judgment II"), ECF No. 19, to which Defendant file a Response in Opposition on August 29, 2025, ECF No. 20, and Memorandum in Support of such opposition, ECF No. 21.  On December 4, 2025, the Court denied Plaintiff's Motion for Default Judgment II,

---

[1]  Defendant's Motion to Dismiss generally raised the same argument as his Petition for Abatement.

again finding it was procedurally improper and separately noting that Defendant has endeavored to defend himself.  ECF No. 22 ("A motion—which inherently requests action by the *Court*—is not the appropriate procedural vehicle for achieving entry of default.").  A few weeks later, on January 30, 2026, the Court ordered Defendant to file an Answer to the Complaint on or before February 20, 2026.  ECF No. 24.  Defendant failed to comply with the Court's Order, prompting the motions currently before the Court.

Specifically, on April 22, 2026, Plaintiff filed a third Motion for Default Judgment ("Motion for Default Judgment III"), ECF No. 25, in which Plaintiff (again) improperly pursued entry of default by way of a motion rather than filing a proper request of the Clerk.  On that same date—and roughly two months late—Defendant filed a Reply Memorandum ("Reply," ECF No. 26) to the Court's January 30, 2026 Order.  In that filing, Defendant requests that the Court forgive his belated submission as the product of excusable neglect, representing that his incarcerated and *pro se* status prevented him from submitting a timely Answer.  Reply 1.  Defendant provides an Answer to the Complaint in the same filing.  *Id.* at 1–6.  Considering Defendant's *pro se* status, the Court construes Defendant's Reply as a motion for leave to file out of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).[2]

On April 27, 2026, Defendant filed a separate Consolidated Reply (ECF No. 27).  In that filing, Defendant (1) reiterates his argument that his untimely filing resulted from excusable neglect caused by his incarceration, (2) raises several Rule 12 arguments, and (3) opposes Plaintiff's then-pending Motion for Default Judgment III.  *See generally* Consolidated Reply.

---

[2] Filings "by *pro se* litigants shall be broadly construed."  *Cf. Elliotte v. Murray,* 867 F.2d 608 (4th Cir. 1989) *see also Morse v. Virginia Dep't of Corr.,* 2024 WL 1916684, at *2 (E.D. Va. May 1, 2024*)* ("On April 30, 2021, Mr. Morse filed a 'Motion for Reconsideration', which, in deference to Mr. Morse's *pro se* status, 'the Court broadly construe[d] as an Amended Complaint.'" (alterations in original) (docket citations omitted)).  Because Defendant's Reply articulates a basis for excusable neglect, the Court construes the filing as a Rule 6(b)(1)(B) motion. *Hinterberger v. Am. Nurses Assn.*, 643 F. App'x 310, 313 (4th Cir. 2016).

Again, considering Defendant's *pro se* status, the Court construes Defendant's Consolidated Reply as a Federal Rule of Civil Procedure 6(b)(1)(B) motion for leave to file a motion to dismiss, a motion for a more definitive statement, and a motion for judgment on the pleadings.

On May 27, 2026, Plaintiff filed a Notice of Withdrawal of Motion, recognizing that "[t]he basis for [her Motion for Entry of Default and Default Judgment] is now dissolved." ECF No. 30. Thus, pending before the Court is Defendant's Reply, which the Court construes as a Rule 6(b)(1)(B) motion for leave to file an Answer, ECF No. 26, and Defendant's Consolidated Reply, which the Court construes as a Rule 6(b)(1)(B) motion for leave to file various Rule 12 Motions, ECF No. 27.[3]

## II. LEGAL STANDARD

### A. Excusable Neglect under Rule 6(b)(1)(B)

"Where a deadline to file a motion has elapsed, a district court may only extend the deadline if the time-delinquent party files a motion and demonstrates excusable neglect for the delay." *Hinterberger*, 643 F. App'x at 313 (citing Fed. R. Civ. P. 6(b)(1)(B)). Excusable neglect "is a somewhat 'elastic concept" and turns on the following factors: "(1) 'the danger of prejudice to the other party'; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *Id.* (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). The most important of these factors is the reason for the movant's delay. *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (internal citation omitted).

---

[3] The Court does not engage with Defendant's arguments in opposition to the then-pending Motion for Entry of Default, as that Motion has been withdrawn and so is not before the Court.

## B. Relevant Rule 12 Framework

Rule 12(b) requires that "[a] motion asserting any of [the listed] defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Further, Rule 12(g) provides that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g).[4] The Rule 12(h) exemption applies only to 12(b)(1) and 12(b)(6) motions: 12(b)(1) motions can be raised "at any time," *see* Fed. R. Civ. P. 12(h)(3); *see also Doe v. Mercy High Sch., Inc.,* 2024 WL 3103396, at *12 (D. Md. June 24, 2024) ("Of course, [12(b)(1)] is never waived . . . .")), and 12(b)(6) arguments can be raised—notwithstanding an earlier filed 12(b)(6) motion or answer—in a motion under Rule 12(c), *see* Fed. R. Civ. P. 12(h)(2)(B); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (explaining that a 12(b)(6) motion filed after an answer should be viewed as a 12(c) motion).

## III. ANALYSIS

The Court finds Defendant's untimely filed Answer and Rule 12 Motions to be the product of excusable neglect. Nevertheless, as to the latter filing, the Court finds that granting leave to submit such Motions would be futile, as Defendant's Rule 12 arguments are without merit. Section A addresses Defendant's excusable neglect, and Section B addresses Defendant's Rule 12 arguments.

---

[4] "Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a motion for more definite statement under Rule 12(e) and to a motion to strike under Rule 12(f)." 2 Moore's Federal Practice - Civil § 12.21 (2026).

**A.  Defendant's Belated Answer and Motions to Dismiss are the Product of Excusable Neglect**

Although Defendant fails to adequately explain how his incarceration or *pro se* status caused the delay—and thus fails to show that the delay resulted from circumstances beyond his control—the remaining excusable-neglect factors weigh sufficiently in his favor to warrant relief.

The Court begins its analysis with the foremost factor:  the reason for the delay, including whether it was within the reasonable control of the movant.  When the reasons for delay are beyond the movant's control, this consideration weighs in favor of excusable neglect.  *See Orgill, Inc. v. Distribution Centers of Am. (WV), LLC,* 2017 WL 11457966, at *2 (N.D.W. Va. Oct. 2, 2017) ("The reason for the delay weighs in favor of finding excusable neglect as technical problems, which were out of the Defendant's control, caused the untimely filing.").  Here, Defendant blames his incarcerated status as the cause for his delay.  Reply 1 (highlighting his "limited access to legal tools, legal resources, word processing tools, etc."); Consolidated Reply 5 ("Defendant's incarceration materially affects his ability to respond.  He does not have continuous or reliable access to legal materials, mail, or filing mechanisms.").  While the Court is empathetic to Defendant's circumstances, it finds Defendant's conclusory references to his incarceration insufficient to demonstrate that the delay was due to reasons outside of his control.  Indeed, Defendant does not provide any detail as to any specific event(s) that caused him to miss the Court's deadline by two months.  Defendant's *pro se* status, alone, is likewise insufficient to justify Defendant's two-month delay.[5]  Thus, the Court finds that the reason-for-delay factor weighs against excusable neglect.

---

[5] Notwithstanding his *pro se* status, Defendant remains obligated to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Orders.  *See United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) ("[L]ike all other litigants, [pro se parties] must comply with substantive and procedural court[] rules."); *see also Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) ("*Pro se* litigants are entitled to some deference from courts.  But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." (cleaned up)).

Nonetheless, this factor, although important, is not dispositive; the excusable neglect analysis requires an equitable weighing of all the relevant factors. *See Gilyard v. Northlake Foods, Inc.*, 367 F. Supp. 2d 1008, 1010 (E.D. Va. 2005) ("Before a person can be negligent, the ability to do the act must have been within their control. For 'excusable' to have meaning, there must be a circumstance where failure to do that which was within ones [sic] control is later allowed by a court."). Here, the balance of the remaining factors favors excusable neglect.

First, there is no prejudice to the nonmoving party. Indeed, Plaintiff did not submit an opposition or otherwise move to strike Defendant's Reply, and, in fact, withdrew its Motion for Default in the face thereof. *See* ECF No. 30 ¶ 6 ("Because Defendant has now belatedly filed an Answer, Plaintiff now moves to withdraw the Renewed Motion for Entry of Default and Default Judgment so that there are no obstacles to proceeding to discovery."). Second, notwithstanding the two-month delay, this case is currently in its infancy—meaning the impact on judicial proceedings is minimal.[6] Lastly, there is no evidence of bad faith on part of Defendant. Accordingly, the Court finds excusable neglect, notwithstanding the reason-for-delay factor weighing against excusable neglect. *See State Farm Fire & Cas. Co. v. No. 9 Software, Inc.,* No. 4:11CV27, 2011 WL 4072667, at *2 (E.D. Va. July 27, 2011) (finding excusable neglect where the only factor weighing against the movant was "that the delay was fully within its control"). Defendant's Answer will therefore be accepted as timely filed pursuant to Rule 6(b)(1)(B). However, the Court will not accept Defendant's Rule 12 defenses, notwithstanding the equally applicable excusable neglect analysis, because the proposed defenses are clearly futile, for the reasons discussed below.

---

[6] The Court notes, however, that Defendant's repeated tardy and procedurally improper filings have unnecessarily delayed the progress of this litigation. Defendant is advised that continued disregard of the Federal Rules of Civil Procedure, Local Rules, Court Orders, or applicable deadlines may result in imposition of sanctions, including case-dispositive sanctions where warranted.

## B. Defendant's Rule 12 Arguments are Unavailing

Defendant raises various Rule 12 arguments in his Consolidated Reply, including: (1) dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1); (2) dismissal for failure to state a claim pursuant to Rule 12(b)(6); (3) the need for a more definitive statement pursuant to Rule 12(e); and (4) judgment on the pleadings pursuant to Rule 12(c). Consolidated Reply 5–7. The Court construes this filing as constituting a motion for leave to file a motion to dismiss, a motion for a more definitive statement, and a motion for judgment on the pleadings.

Defendant filed his Consolidated Reply five days after filing the document that the Court construed as his Answer. Accordingly, any request to pursue relief under Rule 12(e) was waived upon filing of that Answer and is therefore denied. The Court next addresses Defendant's Rule 12(b)(6) and 12(c) arguments, which will be considered together, and then addresses Defendant's 12(b)(1) argument. Because those arguments fail as a matter of law, granting leave to pursue them would be futile. The Court will therefore deny Defendant's request for leave.

### 1. Defendant's 12(b)(6) and 12(c) Arguments Lack Merit

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Ultimately, on a Rule 12(b)(6) motion, the burden lies with the movant to show entitlement to dismissal." *Ziegler v. Dunn*, 2024 WL 761860, at *2 (E.D. Va. Feb. 23, 2024) (citing Wright, Miller, & Spencer, supra, § 1357). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013); *see also* 2 Moore's Federal

Practice - Civil § 12.38 (2026) (noting that "any distinction between [12(b)(6) and 12(c) motions] is merely semantic because the same standard applies to motions made under either subsection").

Defendant's 12(b)(6) and 12(c) arguments are functionally identical. As to the former, Defendant broadly contends that the Complaint must be dismissed because it relies "on generalized allegations and the incorporation of external materials rather than specific factual assertions that establish each element of the claim." Consolidated Reply 6. Relatedly, pursuant to Rule 12(c), Defendant argues that "[t]he lack of factual specificity, combined with improper reliance on external materials, renders the claim defective on its face." *Id.* at 7. Although Defendant recites the governing legal standards, he does not meaningfully engage with the Complaint's allegations or explain why those allegations fail to state a claim. Instead, he relies on broad and conclusory assertions that the Complaint lacks factual specificity and improperly incorporates external materials. Accordingly, Defendant has failed to demonstrate that he is entitled to dismissal.

Moreover, the limited substantive arguments Defendant advances are unsupported by either the Complaint or applicable law. First, the Complaint plausibly establishes each element of Plaintiff's claims under §§ 2242 and 2252, either of which are sufficient to serve as the basis of a claim for civil liability against Defendant pursuant to 18 U.S.C. § 2255(a). Compl. ¶¶ 7–22. Second, the Complaint does not rely on external materials beyond Defendant's admissions under oath in a related criminal proceeding, in which Defendant entered into a plea agreement and pled guilty to child pornography offenses of which M.M. was the victim. Compl. ¶ 10 (citing *United States v. Daniel Marc Lofaro*, No. 1:23-cr-156).[7] A defendant's criminal guilty plea and the

---

[7] Indeed, the Complaint accurately represents that Defendant pled guilty to various child-sex offenses. *See* Plea Agreement, *United States v. Daniel Marc Lofaro*, No. 1:23-cr-156, ECF No. 63. And while Plaintiff did not submit a copy of Defendant's plea agreement, the Court may nonetheless exercise judicial notice to consider the same. *Eweka v. Hartford Life & Accident Ins. Co.*, 955 F. Supp. 556, 560 n.4 (E.D. Va. July 3, 2013) ("Although the existing record does not include any court documents concerning Eweka's prior criminal conviction, judicial notice may properly be taken of the public records associated with that case." (citing *Witthohn v. Federal Ins. Co.*, 164 F. App'x

9

admissions underlying that plea may be considered in a related proceeding. *See Lowery v. Stovall*, 92 F.3d 219, 223–24 (4th Cir. 1996); *see also AvalonBay Communities, Inc. v. Willden,* 2009 WL 2431571, at \*3 (E.D. Va. Aug. 7, 2009), aff'd, 392 F. App'x 209 (4th Cir. 2010*)* ("In the Fourth Circuit, the doctrine of judicial estoppel can prevent a party in a civil action from re-litigating prior established facts underlying a criminal plea.").

Because Defendant's proposed Rule 12(b)(6) and 12(c) arguments fail as a matter of law, granting leave to pursue those arguments would be futile.  The Court will therefore deny Defendant's request.

### 2.  Defendant's 12(b)(1) Argument Lacks Merit

A motion to dismiss under Rule 12(b)(1) tests a court's subject matter jurisdiction.  Motions under Rule 12(b)(1) fall into two different categories: a facial or a factual attack on jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  On a facial attack, the movant is arguing that the complaint fails on its face to allege facts on which subject matter jurisdiction can be based. *Id.*  A factual attack, on the other hand, challenges the factual allegations underlying the assertion of jurisdiction. *Id.*

Here, Defendant can only be understood as bringing a facial attack.[8]  In such a case, "the plaintiff, in effect, is afforded the same procedural protection as [s]he would receive under a Rule 12(b)(6) consideration." *Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  So, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

---

395, 396–97 (4th Cir. 2006))).  For purposes of evaluating Defendant's Rule 12 arguments, the Court accepts as true Plaintiff's allegation that M.M. was among the victims of Defendant's criminal misconduct.

[8] Defendant's own characterization of his argument confirms that he advances a facial—not factual—challenge to subject-matter jurisdiction.  Defendant acknowledges that "Plaintiff invokes federal jurisdiction" but contends that the Complaint "fails to establish a sufficiently pleaded claim" and instead relies on "conclusory assertion without factual support."  Consolidated Reply 5–6.

In the instant matter, the Complaint plainly invokes federal-question jurisdiction by asserting a claim arising under 18 U.S.C. § 2252 and alleging facts sufficient to support such a claim. Compl. ¶¶ 13–22; *supra* Part III.B.1. Congress has expressly vested federal courts with jurisdiction over such claims. 18 U.S.C. § 2255(c)(1). Accordingly, Defendant's jurisdictional challenge fails both based on the face of the Complaint and as a matter of law. Because the proposed Rule 12(b)(1) Motion lacks merit, granting leave to pursue it would be futile. The Court will therefore deny Defendant's request.

## IV.   CONCLUSION

For the reasons articulated above, Defendant's Reply (ECF No. 26), which is construed as a motion for leave to file an Answer out of time pursuant to Rule 6(b)(1)(B), will be granted, and Defendant's Consolidated Reply (ECF No. 27), which is construed as a motion for leave to pursue relief pursuant to Rules 12(b)(1), 12(b)(6), 12(c), and 12(e) out of time under Rule 6(b)(1)(B), will be denied.

An appropriate Order will issue.

_____/s/_____
Roderick C. Young
United States District Judge

Date:  June 17, 2026
Richmond, Virginia

11